# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

GAIL MIDDLETON,

    Plaintiff,

vs.                                         Case No. 4:13cv132-WS/CAS

DOUG CRUCE, et al.,

    Defendants.

_____/

## ORDER and REPORT AND RECOMMENDATION

    Numerous motions have recently been filed in this case, initiated by Plaintiff Gail Middleton, pro se, in March of 2013. Docs. 49, 53, 54, 55, 56, 58, 59, and 60. All of the recent motions were filed subsequent to two motions to dismiss, docs. 24 and 25, filed by Defendants Consulate Healthcare, Marshall Health and Rehabilitation Center, Tremmie Robinson, and Selena Watkins. Plaintiff filed a response to both motions to dismiss on October 21, 2013. Doc. 39. Defendants filed replies, doc. 43 and 44, to Plaintiff's response, although Defendants never sought permission of the Court to do so in accordance with N.D. Fla. Loc. R. 7.1(C)(2).

    While those motions are ready for ruling, several other motions and recent filings must first be addressed. Of primary importance is a determination of whether this case can proceed in light of the "Statement Noting Death" which was filed advising that

Plaintiff passed away on February 21, 2014.  Doc. 57.  Terry Middleton, proceeding pro se, filed the statement as the surviving spouse of Plaintiff Gail Middleton, advising that she passed away on February 21, 2014, in Orlando, Florida.  *Id.*  This Order addresses all motions pending in this case, other than the motions to dismiss, in light of the Statement Noting Death.

Plaintiff's pro se amended complaint brought claims for the alleged denial of Plaintiff's constitutional rights and for violations of federal law.  Doc. 7.  Plaintiff asserts the basis for jurisdiction is 28 U.S.C. § 1331.  *Id.* at 1.  Plaintiff alleged that after filing several complaints pursuant to "the Long-term Care Ombudsman Program, established pursuant to 42 U.S.C. § 1397m-2, she was subjected to retaliation.  *Id.* at 4.  Plaintiff states that such retaliation is prohibited by 42 U.S.C. § 13951-3(C)(1)(A)(vi).  *Id.* at 6.  Plaintiff claimed she was denied access to the courts in violation of her First Amendment rights when Defendants refused to provide her a copy of her medical records because they were aware that Plaintiff's purpose for seeking the records "was for civil litigation . . . ."  *Id.* at 4-5.  Plaintiff also alleged that "Defendants violated federal law by refusing medical records as required by 42 U.S.C. § 1395i-3(C)(1)(A)(iv)."  *Id.* at 5-6.  As relief, Plaintiff sought monetary damages and an order which would require Defendants to furnish her medical records for the time she was at Marshall Health.  *Id.* at 6.

Construed liberally as is required for pro se litigants, Plaintiff's amended complaint is deemed to allege claims under § 1983[1] for violations of her constitutional

---

[1] Section 1983 provides, in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States . . . to

rights and violations of federal law. Such claims are permissible in this Court pursuant to the statute providing the district courts with "jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The first issue is whether this civil rights action abates or survives the Plaintiff's death.

In Robertson v. Wegmann, 436 U.S. 584, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978),[2] the Supreme Court considered whether a civil rights action filed under 42 U.S.C. § 1983 would abate upon the death of the plaintiff pursuant to state law, or whether the case should continue which, if so, would require the creation of a "federal common law of survival in civil rights actions . . . ." 436 U.S. 585, 98 S.Ct. at 1994 (citation omitted). Noting that 42 U.S.C. § 1988[3] governed the decision as to the applicable survivorship

---

the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

[2] That § 1983 case was brought by Clay Shaw after having been acquitted of "charges of having participated in a conspiracy to assassinate President John F. Kennedy." Wegmann, 436 U.S. at 586, 98 S.Ct. at 1993. After acquittal, Shaw was arrested on perjury charges and, thereafter, Shaw filed the § 1983 complaint alleging the prosecutions were taken "in bad faith." Id. The district court enjoined prosecution of the perjury action, the civil rights case continued with discovery, and trial was set for November 1974. Prior to trial, Shaw died and the executor of his estate, Edward Wegmann, moved to substitute as plaintiff. Id. Defendants sought dismissal of the case "on the ground that it had abated on Shaw's death." Id. at 587, 98 S.Ct. at 1993. The district court considered 42 U.S.C. § 1988 and found the federal civil rights laws to be "deficient in not providing for survival." Shaw v. Garrison, 391 F.Supp. 1353, 1361 (1975), quoted in Wegmann, 436 U.S. at 587, 98 S.Ct. at 1993. The district court "refused to apply state law, finding it inconsistent with federal law, and in its place created 'a federal common law of survival in civil rights actions in favor of the personal representative of the deceased.' " 436 U.S. at 587, 98 S.Ct. at 1993-94, quoting Shaw, Id. at 1368. Although the Fifth Circuit affirmed, the Supreme Court reversed.

[3] Section 1988 provides: "The jurisdiction in civil and criminal matters conferred on the district courts . . . for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect;

rule, the Court held that the action must abate in accordance with Louisiana survivorship law because that state law was not inconsistent with the underlying policies of § 1983.  *Id.* at 590-92, 98 S.Ct. at 1995-96.  The Court noted that its holding was "limited to situations in which no claim is made that state law generally is inhospitable to survival of § 1983 actions and in which the particular application of state survivorship law, while it may cause abatement of the action, has no independent adverse effect on the policies underlying § 1983."  *Id.* at 594, 98 S.Ct at 1997.  Thus, in applying state law, the Court found that the action could "survive only in favor of a spouse, children, parents, or siblings."  <u>Wegmann</u>, *Id.* at 587, 98 S.Ct at 1993.  "Since no person with the requisite relationship to Shaw was alive at the time of his death," the action abated.

The Eleventh Circuit has followed <u>Wegmann</u> in "actions brought pursuant to 42 U.S.C. § 1983, [holding that] federal courts may indeed apply rules of state law to questions as to which Congress has not provided clear guidance."  <u>Hess v. Eddy</u>, 689 F.2d 977, 980 (11th Cir. 1982) (concluding that since "Congress did not provide rules of survivorship for section 1983 actions," a district court should apply state law to determine whether "the decedent's right of action survived his death and" who is the proper party to continue the claim for the decedent.), abrogated on other grounds by <u>Wilson v. Garcia</u>, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (characterizing

---

but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty."

§ 1983 claims as personal injury actions for the purposes of looking to state law to apply when federal law is lacking in civil rights actions).

Florida law provides that "[n]o cause of action dies with the person. All causes of action survive and may be commenced, prosecuted, and defended in the name of the person prescribed by law." Fla. Stat. § 46.021 (2013). Accordingly, this case survives the death of Plaintiff and may continue. See Woodburn v. Florida Dep't of Children & Family Srvcs., 854 F.Supp.2d 1184, 1211 (S.D. Fla. 2011).

Having determined that the case may continue, the pending motions (other than the motions to dismiss) have also been considered. First, a motion was submitted in this case by Joyce McCarthy[4] to hold a competency hearing to determine whether to appoint a guardian ad litem or next friend to litigate this case for Plaintiff. Doc. 49. Because Plaintiff has since passed away, that motion is denied. Rule 17(c)(2) provides that "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." FED. R. CIV. P. 17(c)(2). A guardian ad litem or next friend is not authorized to litigate a claim on behalf of a deceased litigant.

Because the motion for a hearing has been denied and it is not appropriate to appoint a guardian ad litem in this case, the motion to issue a subpoena for medical records to present at the competency hearing, doc. 53, is denied. Similarly, the motion

---

[4] Ms. McCarthy states that she holds a power of attorney for Plaintiff. Docs. 49, 54. Defendants challenge the legality of the power of attorney because it is not subscribed by two witnesses. Doc. 51 at 2-3. The original power of attorney is signed by Plaintiff on February 19, 2010, and notarized, but there are no witness signatures. Doc. 54 at 3.

to file supplemental exhibits relevant to the competency hearing and motion for appointment of guardian ad litem, doc. 54, is denied.

On February 27, 2014, a motion was filed by Terry Middleton, the surviving spouse of Plaintiff, requesting that the "motion to stay proceedings, filed by Joyce McCarthy, be [withdrawn], and this matter move forward through the surviving spouse and executor of her estate . . . ."  Doc. 55.  Mr. Middleton advises that Plaintiff Gail Middleton died on February 21, 2014, and he desires to proceed with this litigation on her behalf as he is the "surviving spouse and executor" of her will.  *Id.*  That motion is denied because the motion to stay proceedings had not yet been filed[5] and, moreover, because the motion to stay is not a proper motion to substitute as required by Rule 25.  In addition, the motion to withdraw should be denied because it does not appear that an executor of a will is a proper party to continue this litigation, as will be explained in greater detail ahead.  *See* Hardy v. Potter, No. 4:08cv223, 2009 WL 2391239, at *2-3 (S.D. Ga. Aug. 4, 2009) (finding that surviving spouse who had not yet been legally appointed as "personal representative," nor who had yet distributed an estate without probate could not be substituted as plaintiff).  Finally, the motion to stay proceedings, which will now be filed, should be denied because it sought a stay until a ruling was entered on the competency hearing.  That motion is hereby denied and there is no need to stay this case for that purpose.

---

[5] The motion was pending review by the Court with the other pending motions filed in this case.  It had not yet been filed as the Clerk's Office was awaiting an order permitting the document to be filed because it was submitted by Joyce McCarthy, who is not a party in this litigation.  In the usual case, documents submitted by non-parties are returned without filing.  Having now located the "motion to stay procedings [sic]," it will be filed so the docket is accurate.

Mr. Middleton also filed a motion seeking issuance of a new initial scheduling order for discovery.  Doc. 56.  That motion is denied without prejudice.  There are two pending motions to dismiss that should first be resolved.  If the claims survive, an extension of the discovery period would then be appropriate, but there is no need for additional discovery at this time.  Secondly, the motion should not yet be granted because substitution has not yet been determined.

On March 13, 2014, Mr. Middleton filed a motion for substitution of parties pursuant to Rule 25.  Doc. 58.  Mr. Middleton also filed a motion requesting a hearing on the motion for substitution.  Doc. 59.  Because no basis was presented which demonstrates the necessity of a hearing on the motion, that motion, doc. 59, is denied.

Federal Rule of Civil Procedure 25[6] directs that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party."  FED. R. CIV. P. 25(a)(1).  As noted above, Plaintiff's claims herein are not extinguished.  "A motion for substitution may be made by any party or by the decedent's successor or representative."  FED. R. CIV. P. 25(a)(1).  In addition, the motion must be made within 90 days after service of a statement noting the death and it must be served on the parties.  FED. R. CIV. P. 25(a)(1),(3).

The Statement noting the death of Plaintiff was filed on March 13, 2014, doc. 57, and a motion for substitution pursuant to FED. R. CIV. P. 25, doc. 58, was filed the same day.  The motion is timely, but it was filed by "Terry Middleton, surviving spouse of Gail

---

[6] Rule 25(a)(1) does not resolve the question [of] what law of survival of actions should be applied in" a case but, rather, "[It] simply describes the manner in which parties are to be substituted in federal court once it is determined that the applicable substantive law allows the action to survive a party's death."  Wegmann, at 587, 98 S.Ct. at 1993, n.3, citing Shaw v. Garrison, 545 F.2d 980, 982 (5th Cir. 1977).

Middleton." Doc. 58. The motion has not properly been filed by Plaintiff's "representative."

Although no objections were filed to the motion for substitution, the motion cannot be granted. Rule 25 permits "substitution of the proper party," but Mr. Middleton is not the "proper party" to be substituted. Mr. Mittleton likely realizes that problem as he filed another motion on April 7, 2014. Doc. 60. Plaintiff's most recent motion asks that this case by stayed "until there can be a determination in state court as to an appointment of Administrator Ad Litem to prosecute this cause" of action. *Id.* Mr. Middleton suggests in that latest motion that Joyce McCarthy should be appointed Administrator Ad Litem in state court because she held a power of attorney for the decedent. Doc. 60 at 2.

Florida Probate Rule 5.120(a) provides: "When it is necessary that the estate of a decedent or a ward be represented in any probate or guardianship proceeding and there is no personal representative of the estate or guardian of the ward, or the personal representative or guardian is or may be interested adversely to the estate or ward, or is enforcing the personal representative's or guardian's own debt or claim against the estate or ward, or the necessity arises otherwise, the court may appoint an administrator ad litem or a guardian ad litem, as the case may be, without bond or notice for that particular proceeding." Fla.Prob.R. 5.120(a).[7] However, there is no need

---

[7] Additionally, the Florida Probate Code contains a provision for appointment of an "administrator ad litem." The statute provides that "[w]hen an estate must be represented and the personal representative is unable to do so, the court shall appoint an administrator ad litem without bond to represent the estate in that proceeding." FLA. STAT. § 733.308 (2013). Such an appointment is unnecessary absent a conflict. *See* Continental Nat. Bank v. Brill, 636 So.2d 782, 783-84 (Fla. 3d DCA 1994) (noting that "Florida Probate Rule 5.120(a) authorizes appointment of an administrator ad litem to

to appoint an administrator ad litem unless there is some conflict between a personal representative and the beneficiaries. Without a conflict, a disinterested administrator ad litem is unnecessary. See Continental Nat. Bank, 636 So. 2d at 784. Thus, the motion fails to demonstrate that there is a conflict which will necessitate the appointment of an administrator ad litem. Moreover, because there is no indication that a personal representative has yet been appointed, there will be no need to appoint an administrator ad litem. Thus, there is no need to stay this case for the purpose of awaiting an administrator ad litem appointment and the motion, doc. 60, is denied.

A surviving spouse, in the usual course of events, would be permitted to substitute for a plaintiff and continue the case. Here, however, Plaintiff's husband, Terry Middleton, is incarcerated at F.C.I. Allenwood. See doc. 37. Mr. Middleton acknowledges that Florida law does not permit a person to "act as a personal representative if" he has "been convicted of a felony." Doc. 60, *citing* FLA. STAT. § 733.303(1)(a). In addition, § 733.302 provides that "any person who is sui juris and is a resident of Florida at the time of the death of the person whose estate is to be administered is qualified to act as personal representative in Florida." Mr. Middleton points to that statute, presumably in support of his request to appoint Joyce McCarthy to act on Plaintiff's behalf in this case.[8] Doc. 60 at 1-2.

---

represent the estate in a particular probate proceeding whenever the personal representative 'is or may be interested adversely to the estate' or 'the necessity arises otherwise.' ").

[8] It is possible Mr. Middleton could, for federal purposes, be deemed a Florida resident although he was incarcerated in the state of Pennsylvania at the time of Plaintiff's death. "A prisoner does not acquire a new domicile in the place of his imprisonment." Lima Diaz, No. 95-734-CIV-T-17B, 1995 WL 755922, at *1 (M.D. Fla. Dec. 18, 1995); Denlinger v. Brennan, 87 F.3d 214 (7th Cir. 1996). A prisoner's

Case No. 4:13cv132-WS/CAS

Pursuant to Robertson v. Wegmann, *supra*, this Court must apply Florida law which will permit this case to proceed but which precludes Mr. Middleton from being substituted for the Plaintiff because Florida law will not permit him to be appointed personal representative. Crosby v. Sumter Cnty., No. 5:06cv217, 2007 WL 2700976, at *4 (M.D. Fla. Sept. 13, 2007) (stating "[u]nder Florida law the Plaintiff cannot prosecute the personal claims of his grandmother against these Defendants because Florida law expressly prohibits convicted felons from serving as personal representatives of an estate."). Accordingly, this case can only continue if Joyce McCarthy or some other individual is legally appointed personal representative for Plaintiff. Because Mr. Middleton, however, is disqualified to be appointed personal representative and cannot be substituted for Plaintiff, his motion for substitution, doc. 58, should be denied.[9]

Because Rule 25(a)(1) requires that a motion for substitution be made within 90 days after service of a statement noting the death, the parties are advised that an amended motion for substitution must be filed on or before June 11, 2014. If a motion for substitution is not timely filed, this case may be dismissed. Accordingly, ruling on the pending motions to dismiss will await the filing of a proper motion for substitution under Rule 25 such that there is a continuing case or controversy to be decided.

---

domicile is presumed to be where he was domiciled prior to incarceration. Polakoff v. Henderson, 370 F. Supp. 690 (N.D. Ga. 1973), *aff'd* 488 F.2d 977 (5th Cir. 1974). Nevertheless, Mr. Middleton is still precluded from being named the personal representative in light of his felony conviction.

[9] Because the denial of this motion may be the functional equivalent of a dispositive motion, ruling should be by report and recommendation. 28 U.S.C. § 636(b)(1).

Finally, Defendants Cruce and Grimes were never served with process. *See* docs. 17-18, 20, and 23. Plaintiff was directed to advise the Court if she determined the whereabouts of those missing Defendants. Docs. 20, 23. No such information has been provided as to the missing Defendants and, thus, because the 120 time period for serving the complaint has long since passed, Defendants Cruce and Grimes should be dismissed from this case pursuant to Rule 4(m).

Accordingly, it is hereby

**ORDERED:**

1. The motion for competency hearing, doc. 49, is **DENIED**.

2. The motion to issue subpoena duces tecum, doc. 53, is **DENIED**.

3. The motion for leave to file a supplemental exhibit, doc. 54, is **DENIED**.

4. The motion to withdraw the motion to stay proceedings, doc. 55, is **DENIED**.

5. The motion for issuance of a new Initial Scheduling Order, doc. 56, is **DENIED**.

6. The motion for hearing, doc. 59, is **DENIED**.

7. The motion to stay and appoint an administrator ad litem, doc. 60, is **DENIED**.

8. The Clerk of Court shall file the motion to stay proceedings submitted by non-party Joyce McCarthy.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion for substitution of parties, doc. 58, be **DENIED**, that Defendants Doug Cruce and Erica

Grimes be **DISMISSED** from this case for failure to serve process within 120 days pursuant to Rule 4(m), and the case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on April 15, 2014.


   S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**