IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOYCE McCARTHY,
Administrator ad Litem of the
Estate of GAIL MIDDLETON,

    Plaintiff,

vs.                                            Case No. 4:13cv132-WS/CAS

CONSULATE HEALTH CARE, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This case was initiated on March 18, 2013, by Gail Middleton, proceeding pro se.  ECF No. 1.  Subsequently, Mrs. Middleton passed away, *see* ECF No. 57, and a motion for substitution was granted without objection on June 5, 2014.  ECF No. 67.  Joyce McCarthy, as Administrator Ad Litem, continued this case on behalf of Mrs. Middleton.

On September 4, 2014, the claims against former Defendants Selena Watkins, Consulate Healthcare, and Marshall Health and Rehabilitation were dismissed, and Ms. McCarthy was permitted to file a second

amended complaint. ECF No. 74. The second amended complaint, ECF No. 78, was filed on September 15, 2014. On October 2, 2014, Defendants Consulate Healthcare, Marshall Health and Rehabilitation, Selena Watkins, and Tremmie Robinson moved to dismiss the second amended complaint, ECF No. 83, and Defendant Luann Howard moved to join in the motion to dismiss, ECF No. 100, on January 7, 2015. No answer or summary judgment motion was filed in this case.

While those motions were pending, Ms. McCarthy filed a motion for voluntary dismissal on January 26, 2015. ECF No. 102. The motion provided no information, stating only that Plaintiff "move[s] for dismissal of the" case. *Id.* Pursuant to Rule 41(a)(1)(i), the request was treated as a notice of voluntary dismissal and the case was closed on January 29, 2015. ECF No. 104.

On January 21, 2016, Ms. McCarthy filed a motion to reopen this case. ECF No. 105. The basis for the motion is that Ms. McCarthy "signed a contract with Hogan Frick Law" to handle representation "of the nursing home abuse case." *Id.* at 2. The attorney[1] stressed the need to dismiss this federal case so that "he could proceed in state court." *Id.* Acting on

---

[1] Ms. McCarthy attached a copy of the letter from counsel stating it would be in her "best interest to dismiss the federal case that you currently have pending." ECF No. 105 at 7.

that advice and on "Joshua Frick's claim that he would file in state court" after this federal case was dismissed, Ms. McCarthy filed the notice of voluntary dismissal.  ECF No. 105 at 2.  Thereafter, on July 1, 2015, a paralegal from the Hogan Frick law firm advised that "their office would not be filing any claim on behalf of the estate."  *Id.*  Ms. McCarthy then waited over six months to file the motion to reopen this case based on the "fraudulent misrepresentations made by Joshua Frick . . . ."  *Id.*

Ms. McCarthy contends that under Rule 60(b)(1), this Court may provide relief based on counsel's "mistake, inadvertence, surprise, or excusable neglect."  ECF No. 105 at 3-5; Fed. R. Civ. P. 60(b)(1).  Additionally, she asserts that relief could also be provided under Rule 60(b)(6)'s provision covering "any other reason that justifies relief."  ECF No. 105 at 4-6; Fed. R. Civ. P. 60(b)(6).  She points out that her motion is timely filed under Rule 60(c)(1).[2]

The certificate of service in the instant motion, ECF No. 105, shows it was provided to opposing counsel on January 15, 2016.  *Id.* at 6.  No response in opposition has been filed.  This Report and Recommendation is, accordingly, entered without input from the Defendants.

---

[2] That Rule provides that a "motion under Rule 60(b) must be made within a reasonable time-and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).

Rule 60 provides a party with an avenue to seek relief "from a final judgment, order, or proceeding . . . ." FED. R. CIV. P. 60(b). Courts have wrestled with whether a voluntary dismissal is a final judgment, but have permitted a case to be reopened under Rule 60(b) after the filing of a voluntary dismissal. Olmstead v. Humana, Inc., 154 F. App'x 800 (11th Cir. 2005) (per curiam); *see also* Nelson v. Napolitano, 657 F.3d 586, 588-89 (7th Cir. 2011) (agreeing "that there may be instances where a district court may grant relief under Rule 60(b) to a plaintiff who has voluntarily dismissed the action.") (cited in Delgrego v. Taylor, No. 4:11cv180-RH/WCS, 2012 WL 1365971, at *1 (N.D. Fla. Apr. 19, 2012) (other citations omitted)); Rismed Oncology Sys., Inc. v. Baron, 297 F.R.D. 637, 655 (N.D. Ala. 2014), *aff'd*, No. 14-15567, 2015 WL 4385669 (11th Cir. July 17, 2015) (concluding that "a Rule 41(a)(1)(A) voluntary dismissal by a plaintiff constitutes a 'final order, judgment, or proceeding' for purposes of Rule 60(b)."). Regardless of whether an order accepting a notice of voluntary dismissal is a "final judgment" under Rule 60(b), it is an "order." It is appropriate to consider the question of whether Ms. McCarthy can be relieved of the order closing this case on her notice of voluntary dismissal.

"Having elected to voluntarily dismiss his claims against defendants in this action, plaintiff cannot 'unring' that bell simply because he has

changed his mind." Bell v. Hadley, No. 04-0263-WS-D, 2006 WL 572329, at *1 (S.D. Ala. Mar. 7, 2006).  To be granted relief, the moving party must make an adequate showing under Rule 60(b).  Bell, 2006 WL 572329, at *1.

Ms. McCarthy's first argument is that this case should be reinstated because of "mistake, inadvertence, surprise, or excusable neglect" pursuant to Rule 60(b)(1).  In this case, however, the mistake is not an act or omission of Defendants, opposing counsel, this Court, or the Clerk's Office.  The "mistake" was Ms. McCarthy's decision to follow the advice of others, including an attorney who does not appear to have been retained to represent Mrs. Middleton's Estate.  Despite the assertion made in the motion to reopen that Ms. McCarthy "signed a contract" with the Hogan Frick law firm, see ECF No. 105 at 2, there does not appear to have been

an agreement, reduced to writing, concerning representation.[3]  No contract has been provided with the motion.

Regardless, courts have held that Rule 60(b) does not provide a party relief from a tactical litigation decision which, in hindsight, has been determined to be a mistake.  See Waddell v. Hendry Cty. Sheriff's Office, 329 F.3d 1300, 1310 (11th Cir. 2003) (concluding that it was plaintiffs' "tactical decisions" that prevented plaintiffs from fully presenting their case). "[T]he most salient example of behavior that cannot constitute grounds for Rule 60(b) relief is the purposeful litigation decision of a party." Am. Lifeguard Assoc., Inc. v. Am. Red Cross, Nos. 92–2400, 92–2527, 93–1224, 1994 U.S.App. LEXIS 8430, at *5–6 (4th Cir. March 9, 1994) (quoted in Yesh Music v. Lakewood Church, No. 4:11-CV-03095, 2012 WL

---

[3] In light of the fact that there has been no showing counsel was obtained to represent Plaintiff's interests in this matter, there is no need to consider "excusable neglect" under Rule 60(b)(1).  "[E]xcusable neglect typically encompasses situations in which the failure to comply with a filing deadline is attributable to negligence."  United States v. Real Prop. Known as 6556 Skyline Drive, Delray Beach, FL 33446, No. 915CV80123, 2016 WL 320089, at *2 (S.D. Fla. Jan. 27, 2016).  No showing has been made that counsel was negligent.

Even if counsel had been obtained, however, "a person who selects counsel cannot thereafter avoid the consequences of the agent's acts or omissions." Nemaizer v. Baker, 793 F.2d 58, 62 (2d Cir. 1986) (citing Link v. Wabash Railroad Co., 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962)).  "'[A]n attorney's failure to evaluate carefully the legal consequences of a chosen course of action provides no basis for relief from a judgment' under Rule 60(b)(1) or 60(b)(6)."  Nemaizer, 793 F.2d at 62 (quoted in In re Pettle, 410 F.3d 189, 192 (5th Cir. 2005)).  "Mere dissatisfaction in hindsight with choices deliberately made by counsel is not grounds for finding the mistake, inadvertence, surprise or excusable neglect necessary to justify Rule 60(b)(1) relief."  Nemaizer, 793 F.2d at 62.

2500099, at *4 (S.D. Tex. June 27, 2012), aff'd, 727 F.3d 356 (5th Cir. 2013); see also Thomas v. Ramapo Coll. of New Jersey, No. 10-3898, 2011 WL 3206448, at *3 (D.N.J. July 27, 2011) (holding that "where the notice of dismissal is a 'deliberate, strategic choice' and not the result of mistake or excusable neglect, it should not be undone via Rule 60(b)") (citing Eskridge v. Cook Cnty., 577 F.3d 806, 810 (7th Cir. 2009) (finding that where choice to dismiss the federal lawsuit and proceed in state court was deliberate, the incorrect assessment of the consequences did not compel relief under Rule 60(b))). "[C]ourts 'have not looked favorably on the entreaties of parties trying to escape the consequences of their own 'counseled and knowledgeable' decisions.'" Thomas, 2011 WL 3206448, at *3 (quoting Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002)). A strategic decision was made to dismiss this case, but it was not based on a mistake of law or a judge's application of the law. See Parks v. U.S. Life & Credit Corp., 677 F.2d 838, 839-40 (11th Cir. 1982) (noting Rule 60(b)(1) authorizes correcting "'mistakes' of judges"); Phillips v. Publ'g Co., Inc., No. 213cv069, 2015 WL 5821501, at *9 (S.D. Ga. Sept. 14, 2015) (denying Rule 60(b)(1) motion which raised judicial mistake but was untimely). Thus, because Ms. McCarthy has not demonstrated a basis for

reopening this case beyond undoing her tactical decision, relief should be denied under Rule 60(b)(1).

Additionally, there is no basis to justify relief under Rule 60(b)(6), the "catchall provision," either. Rule 60(b)(6) permits relief "for any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6). "This remedy, however, is intended 'only for extraordinary circumstances.'" Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000) (cited in Olmstead v. Humana, Inc., 154 F. App'x 800, 805 (11th Cir. 2005)). To obtain relief under Rule 60(b)(6), a party "must demonstrate a justification so compelling that the [district] court was required to vacate its order." Aldana v. Del Monte Fresh Produce N.A., Inc., 741 F.3d 1349, 1355 (11th Cir. 2014) (quoting Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006) (per curiam) (quotation omitted)). That showing has not been made.

Ms. McCarthy appears to have relied upon the suggestion of an attorney who was contacted about representing Middleton's Estate. ECF No. 105 at 2. Ms. McCarthy has shown that the attorney stressed to Mr. Middleton that it would be in his "best interest to dismiss the federal case" that was pending. *Id.* at 7. The attorney advised: "*If* we were to proceed forward with the state case . . . then we would most likely receive

a Motion to Dismiss from the opposing counsel because of the pending federal case." *Id.* (emphasis added). The motion indicates that Ms. McCarthy deferred the decision about continuing this case to Terry Middleton, Mrs. Middleton's husband. Ms. McCarthy then filed the notice for voluntary dismissal which, based upon these facts, was made by Mr. Middleton upon the guidance of counsel. On July 1, 2015, Mr. Middleton was advised by a paralegal that the law firm "would not be filing any claim on behalf of the estate." *Id.* The basis for that decision is unknown, but could be for numerous reasons. This Court need not speculate about those reasons because it was incumbent upon Ms. McCarthy to demonstrate a sufficient basis to support her motion. The only basis shown on this record is that a tactical decision was made to end this case. The Rule 60(b) motion does not provide sufficient justification to relieve Ms. McCarthy from that decision. The motion should be denied.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that the motion to reopen this case, ECF No. 105, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 29, 2016.

    s/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**